**Albert KURTZON**

v.

**STERLING INDUSTRIES, INC.**

**Civ. A. No. 32450.**

United States District Court
E. D. Pennsylvania.
April 24, 1964.

See also 227 F.Supp. 393.

William Steell Jackson & Sons, by Eugene Chovanes, Philadelphia, Pa., for plaintiff.

Bilker & Moyerman, by Barry Moyerman, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The defendant has moved to dismiss this patent infringement action under Fed.R.Civ.P. 12(b) (7) for failure of the plaintiff to join as an indispensable party Alkco Manufacturing Company of Chicago. This close corporation is controlled by the plaintiff, Albert Kurtzon, who is its president and major stockholder.

This action was begun in December of 1962 by the plaintiff, an individual who is the sole owner of the patent. An amended complaint was later filed by the plaintiff to set forth patent 2,897,347 in lieu of patent 2,578,190.

Defendant, in its original answer, pleaded certain defenses above and beyond the invalidity of the patent. These defenses allegedly relate to the conduct of Alkco Manufacturing Company of Chicago, which is in competition with the defendant in the manufacture of lighting fixtures. It is contended further by the defendant that the alleged unfair nature of the competition on the part of Alkco will be a basis for its defense in addition to the invalidity of the patent being pleaded when it answers the amended complaint.

It is the defendant's contention that because of the close relationship existing between the plaintiff and Alkco that the corporation must be a party to this suit.

Alkco has the right to use the plaintiff's invention but pays no royalties to the patentee. It has no property or title interest in the invention or the patent. Alkco has no exclusive contract with the plaintiff that others shall not practice the invention. At most Alkco has a "shop right" or license to use, manufacture and sell the flourescent lamphousing which is not an exclusive contract and amounts to a *bare license* protecting Alkco from a claim of infringement by Kurtzon. Western Electric Co. v. Pacent Reproducer Corporation, 42 F.2d 116 (2 Cir. 1930). Such a licensee may neither sue alone nor join with the licensor patentee in an infringement action. Caldwell Manufacturing Co. v. Unique Balance Co., 18 F.R.D. 258 (S.D. N.Y.1955).

It appears that the defendant's difficulties with Alkco sound in tort which might become the proper subject of a separate action not involved in this case.

### ORDER

And now, this 24th day of April, 1964, the defendant's motion to dismiss is denied.