**TRIO PROCESS CORPORATION and
Franklin Smelting & Refining Co.**

v.

**L. GOLDSTEIN'S SONS, INC.**

Civ. A. No. 38166.

United States District Court
E. D. Pennsylvania.

Jan. 20, 1966.

Karl L. Spivak, Thomas M. Ferrill, Jr., Philadelphia, Pa., for plaintiffs.

Louis Necho, Philadelphia, Pa., for defendant.

LUONGO, District Judge.

Before me is defendant's "Motion to Strike" the name of Franklin Smelting & Refining Co. (Franklin) as a party plaintiff to, and paragraph 8 of, the within complaint charging patent infringement and unfair competition in which jurisdiction is alleged to be founded upon 28 U.S.C.A. § 1338(a) and (b).[1]

---

1. "§ 1338.

(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents * * *. Such jurisdiction shall be exclusive of the courts of the states in patent * * * cases.

(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the * * * patent * * * laws."

From the allegations of the complaint it appears that Trio Process Corporation (Trio), one of the plaintiffs herein, is the owner, by assignment, of Patent No. 3,076,421 and that Franklin has acquired the right to practice that patent. It is alleged that defendant Goldstein has been infringing the patent and has been engaging in unfair competition with plaintiffs by falsely representing that plaintiffs, in practicing the invention of Patent No. 3,076,421, are practicing an invention made, developed, patented and controlled by Goldstein.

■ Although defendant has denominated its pleading as a "Motion to Strike," it is apparent that that characterization is a misnomer. The only reference to a motion to strike in the Federal Rules appears in Rule 12(f):

> "(f) Motion to Strike. Upon motion made by a party before responding to a pleading * * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Obviously, that is not what defendant seeks here. What is more likely is that defendant intends this as a motion to dismiss under Rule 12(b), either under (1) thereof, for lack of jurisdiction over the subject matter, or under (6) thereof, for failure to state a claim upon which relief can be granted. To avoid a procedural morass, I will disregard the title "Motion to Strike" and consider the substance of this motion as one to dismiss under Rule 12(b)(1) and (6).

*The Claims of Patent Infringement.*

■ An examination of the complaint in the instant case reveals that Trio owns the patent in question and that Franklin has a non-exclusive license to practice it.[2] Trio and Franklin both claim that defendant is infringing that patent. 28 U.S.C.A. § 1338(a) confers on the district courts exclusive original jurisdiction over civil actions arising under any Act of Congress relating to patents.

Defendant does not question Trio's right to bring this suit, but does contest Franklin's right to do so since, as a non-exclusive licensee, Franklin has no patent rights entitled to protection against an alleged infringer. The point is well taken.

"* * * [A] bare license to practice a patented invention gives the licensee no right to join as plaintiff in a suit against an infringer. In its simplest form, a license means only leave to do a thing which the licensor would otherwise have a right to prevent. Such a license grants to the licensee merely a privilege that protects him from a claim of infringement by the owner of the patent monopoly. (citations omitted.) He has no property interest in the monopoly of the patent, nor any contract with the patent owner that others shall not practice the invention. Hence the patent owner may freely license others, or may tolerate infringers, and in either case no right of the patent licensee is violated. Practice of the invention by others may indeed cause him pecuniary loss, but it does him no legal injury." Western Electric Co., Inc, v. Pacent Reproducer Corp., 42 F.2d 116, 118 (2d Cir. 1930), cert. denied, 282 U.S. 873, 51 S.Ct. 78, 75 L.Ed. 771 (1930); Kurtzon v. Sterling Industries, Inc., 228 F.Supp. 696 (E.D. Pa.1964).

It is apparent here that Franklin is a non-exclusive licensee and has no basis for a claim of patent infringement against defendant. Accordingly, that part of Franklin's claim alleged to be based upon patent infringement is insubstantial and must be dismissed for failure to state a claim upon which relief can be granted.

---

2. Franklin's interest in the patent does not actually appear in the pleadings; however, the point is clarified by plaintiff's brief: "* * * Franklin * * * has the right to practice the process * * * on a non-exclusive basis." I have accepted that characterization.

928

*The Claims of Unfair Competition.*

■ As to the charges of unfair competition, since there is no diversity of citizenship among the parties hereto, jurisdiction is founded solely upon 28 U.S.C.A. § 1338(b) which gives to the district courts original jurisdiction over any claim for unfair competition provided that claim is " * * * joined with a substantial and related claim under the * * * patent * * * laws."

Defendant concedes that Trio has a substantial patent claim and that its claim for unfair competition, therefore, is properly before the court since it is "joined with a substantial and related claim under the * * * patent laws." Defendant thereby acknowledges the court's pendant jurisdiction over Trio's claim for unfair competition, even though unfair competition is otherwise a nonfederal claim. See 28 U.S.C.A. § 1338 (b); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

As to Franklin's claim for unfair competition, however, defendant points out that Franklin has no right to bring a patent infringement action since it is merely a non-exclusive licensee, and consequently Franklin has no substantial patent claim to which its non-federal ground (unfair competition) for relief might be said to be pendant. Defendant, in effect, argues that this court lacks jurisdiction over the subject matter of Franklin's unfair competition claim. Franklin's countering argument is that it may avail itself of Trio's substantial patent claim as the base to which to attach the pendant jurisdiction for Franklin's unfair competition charge. This is impermissible. Section 1338(b) is a codification of the rule of pendant jurisdiction enunciated in Hurn v. Oursler, supra, and pendant jurisdiction

> " * * * does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground;* in the latter it may not do so upon the nonfederal *cause of action.*" (Italics in original.) Hurn v. Oursler, supra, pp. 245–246, 53 S.Ct., p. 589.

Applying that test here, it is apparent that the claims of Trio and Franklin do not constitute a single cause of action asserting two separate grounds of recovery, but rather are two separate and distinct causes of action, one by Trio and the other by Franklin. In Trio's cause of action there are two grounds, one federal and one non-federal, for Trio's single cause of action. In Franklin's cause of action, on the other hand, the essential federal question base of a substantial patent claim is lacking, consequently Franklin's non-federal claim of unfair competition cannot be litigated in this court.

■ All else failing, Franklin urges that it should be permitted to join in this suit since under Rule 20(a)

> "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

This attempt must also fail. Rule 82 makes it abundantly clear that the Rules of Civil Procedure may not be construed to extend or limit the jurisdiction of the court and it has been held in numerous cases that Rule 20(a), governing the *permissive joinder* of parties, is appli-

cable only where jurisdiction otherwise exists. See, e. g., McCormick v. Labelle, 189 F.Supp. 453 (D.Conn.1960); Geisert v. Corriveau, 140 F.Supp. 29 (E.D.Mich. 1956). Since this court has no jurisdiction to consider Franklin's claim for unfair competition, Rule 20(a) is inapplicable.

Franklin's claim for unfair competition must be dismissed for lack of jurisdiction.