CURVE ELEMENTARY SCHOOL PARENT AND TEACHER'S ORGANIZATION, Plaintiff-Appellant,

v.

LAUDERDALE COUNTY SCHOOL BOARD and O. R. Taylor, Superintendent of the Lauderdale County School System, Defendants–Appellees.

Court of Appeals of Tennessee, Western Section.

April 8, 1980.

Permission to Appeal Denied by Supreme Court June 30, 1980.

Thad M. Guyer and Debra F. J. Lee, Memphis Area Legal Services, Inc., Memphis, for plaintiff–appellant.

J. Thomas Caldwell, Ripley, for defendants–appellees.

MATHERNE, Judge.

The issue is whether the Curve Elementary School Parent and Teacher's Organization (Association), an unincorporated association, has standing to sue solely in its own name seeking a declaratory judgment as to the alleged violation by the Lauderdale County School Board (Board) of the Public Meetings Act, T.C.A. § 8–4401 through 8–4421, and to enjoin the enforcement of the allegedly illegal and void decision of that Board to close the Curve Elementary School.

Prior to filing any responsive pleading, the Board filed a motion to strike, which the chancellor sustained and dismissed the Association's lawsuit. The Association appeals to this Court.

The Board's motion to strike avers that (1) the complaint of the Association failed to comply with Rule 23.07, Tennessee Rules of Civil Procedure, wherein it failed to name as parties plaintiff members of the class for which it sued, and (2) the complaint fails to name any member of the Association as a representative party plaintiff who would have legal standing to bring this lawsuit.

By Decree dated April 18, 1979, the chancellor sustained the motion to strike and allowed the Association 30 days to amend its Complaint, which the Association refused to do. Consequently, by order entered on June 21, 1979, the chancellor held that "(t)he plaintiff having failed to amend its complaint so as to bring in a proper party before this court, the entire action is dismissed."

The Board admits that the Association has capacity to bring this lawsuit, but insists that the Association lacks standing to sue solely in its own name.

■ We must first consider the propriety of using a motion to strike as allowed by Rule 12.06, Tennessee Rules of Civil Procedure, to challenge standing in the Association. On this issue the court in *Knierim v. Leatherwood* (Tenn.1976) 542 S.W.2d 806, stated:

> An issue of standing is therefore raised by a specific denial or defense (but not an affirmative defense under Rule 8.03) in the answer or responsive pleading, or by a motion to dismiss under Rule 12.02(6) or *in proper cases* by a motion for judgment on the pleadings under Rule 12.03, or motion to strike under Rule 12.06. (Emphasis added)

Ordinarily, a motion to strike is not the proper vehicle by which to strike an entire pleading, but only those portions which are objectionable. 2A Moore's Federal Practice, *Motion to Strike*, § 12.21[1] (1968); Wright and Miller, Federal Practice and Procedure, § 1380 (1969). However, a motion to strike can be used to eliminate an entire pleading, including a complaint, where its allegations are offensive, scurrilous or in gross violation of Rule 8, Tennessee Rules of Civil Procedure. *Skolnick v. Hallett* (7th Cir. 1965) 350 F.2d 861. Compare: *Crim v. Rice* (2d Cir. 1916) 232 F. 570.

■ We hold, however, that the entire complaint in this lawsuit is not subject to a motion to strike because it is not based upon an "insufficient defense, or any redundant, immaterial, impertinent or scandalous matter" as contemplated by Rule 12.06, Tennessee Rules of Civil Procedure. This lawsuit is not a "proper case" for a motion to strike based upon lack of standing in the plaintiff. In this situation we deem it proper to treat the motion to strike as a motion to dismiss for failure to state a claim upon which relief can be granted as permitted by Rule 12.02(6), Tennessee Rules of Civil Procedure. This practice is apparently followed by the courts of federal jurisdiction. See: *Trio Process Corp. v. L. Goldstein's Sons, Inc.* (E.D.Pa.1966) 250 F.Supp. 926; *Great Northern Paper Co. v. Babcock & Wilcox Co.* (N.D.Ga.1968) 46 F.R.D. 67; *Golaris v. Jewel Tea Co.* (N.D.Ill.1958) 22 F.R.D. 16; *Boerstler v. American Medical Ass'n.* (N.D.Ill.1954) 16 F.R.D. 437, 442.

The complaint avers that this lawsuit is brought under the provisions of the Declaratory Judgments Act, T.C.A. § 23–1101 through 23–1113 and under the provisions of the Public Meetings Act, T.C.A. § 8–4401 through 8–4421. These sections differ on the issue of who may bring suit under the respective statutes.

Under the Declaratory Judgments Act it is stated at T.C.A. § 23–1103 that "any person ... whose rights, status or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status or other legal relations thereunder." At T.C.A. § 23–1101 a person is defined as "any person, partnership ... unincorporated association ... of any character whatsoever."

Under the Public Meetings Act it is stated at T.C.A. § 8–4405 that the provisions of the act may be enforced by "any citizen of the state."

■ This lawsuit is brought under the provisions of the Public Meetings Act and the relief sought is as allowed by that statute. Therefore, the plaintiff's right to sue must be determined under the provisions of that enactment. In this respect the complaint avers that adequate public notice of the Board's meeting "was not given to the plaintiffs or other interested citizens of Lauderdale County, Tennessee." That averment will, on motion to dismiss, be accepted as an averment that the members of the Association are citizens of the state. That issue is, however, subject to proof during the course of the proceeding. We, therefore, treat the averment that this lawsuit is brought under the provisions of the Declaratory Judgments Act as mere surplusage and the definition of who may sue under that statute has no bearing on this lawsuit.

■ The distinction between standing to sue and capacity to sue was explained by our Supreme Court in *Knierim v. Leatherwood, supra,* as follows:

*Capacity* ... relates to a party's personal or official right to litigate the issues presented by the pleadings....

*Standing* is a judge–made doctrine.... It is used to refuse to determine the merits of a legal controversy irrespective of its correctness where the party advancing it is not properly situated to prosecute the action.

In *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), the Court held that:

(I)n ruling on standing, it is both appropriate and necessary to look to the substantive issues ... to determine whether there is a logical nexus between the status asserted and the claim sought to be adjudicated.

■ On the more direct issue in this lawsuit of determining whether the Association has standing to bring this lawsuit solely in its own name, we follow the ruling in *Hunt v. Washington State Apple Advertising Comm'n.,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), that an association has standing to bring suit solely in its own name on behalf of its members when: (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit.

We also note the case of *Badgett v. Rogers* (1968) 222 Tenn. 374, 436 S.W.2d 292, wherein a citizen and taxpayer filed suit claiming that the mayor of Knoxville, Tennessee, had received illegal payments of money from the "coffers of Knoxville," seeking a refund of the payments to the city and an injunction against further payments. The defendant filed a demurrer challenging the standing of the plaintiff to bring the lawsuit. The Court noted that as a general rule individual citizens and taxpayers may not interfere with, restrain or direct official acts, when such citizens fail to *allege* and prove damages or injuries to themselves different in character or kind from those sustained by the public at large.

In that the bill failed to *allege* such special damage or injury, the demurrer was sustained and the lawsuit dismissed. In the case at bar we must treat the issue raised by the motion to dismiss the same as on demurrer under former procedure. We look only to determine if the complaint alleges grounds for relief, regardless of whether the allegations are true—on this motion the allegations are treated as true.

Looking to the complaint we find that the Association alleged that it is an unincorporated association composed of "parents and teachers who send their children to, or are employed at, the Curve Elementary school," which is a part of the Lauderdale County School System under the supervision of the Board. It is further alleged that "(t)he Association brings this action on behalf of its members, and on behalf of all children attending or eligible to attend the school." The Association alleged that the Board made a decision to close the Curve Elementary School without giving adequate notice of the meeting at which the decision was made as required by T.C.A. § 8–4402 and that the decision is,.therefore, void as provided in T.C.A. § 8–4405. Certain particulars which allegedly render the notice inadequate are set out. It is alleged that the members of the Association were effectively deprived of the opportunity to make their voices heard on a question concerning the education of their children and the conditions under which their children will or will not receive a decent public education.

■ Because we do not have before us the contracts between the teacher members of the Association and the Board, we pretermit the issue of the standing of those members of the Association to have individually brought this lawsuit. We do hold, however, that the parent members of the Association who have children attending the Curve Elementary School had standing to individually institute this lawsuit. The allegations of the complaint place these parents and their children in a position of possibly suffering damages and injustices of a different character or kind from those suffered by the citizens at large due to the allegedly unlawful acts of the Board. We further hold that a fair reading of the complaint establishes a purpose of the Association to protect, foster and encourage a good, acceptable and improved education for the children of Curve Elementary School, which purposes might be thwarted by the allegedly unlawful act of the Board.

On the issue of whether individual members of the Association must participate in this lawsuit because of the claims asserted and the relief requested, we hold that such participation is not necessary. The Board argues that it does not know the composition of the Association, its purposes or its very existence. The Board further argues that it does not know whether the members of the Association are residents of the State or whether they have any interest, connection with or concern about the Curve Elementary School. The Board argues that there is no way to determine who the officials of the Association might be and whether this lawsuit was properly authorized by the Association. Finally, the Board asserts that without named members of the Association before the court there is no way the standing of the Association to sue can be determined, and, in fact, without those members before the court the Association has no standing to sue.

We hold that these arguments are more imaginary than real. The Board can by pretrial discovery establish all these facts. It is not necessary that individual members of the Association be named in this lawsuit in order for the Board to establish any defense it chooses, nor to seek any relief to which it may be entitled. Also, it is not necessary to make individual members parties in order for the court to determine the issues presented and grant the relief sought by the Association.

We, therefore, conclude that the allegations of the complaint meet the standards as set out in *Hunt, supra,* by which the Association has the right to bring this lawsuit solely in its own name. We also hold that the allegations of the complaint meet the requirement of *Knierim, supra,* that the Association is "properly situated to prose-

cute the action," and the allegations of the complaint also satisfy the requirement of *Flast, supra*, in that there is "a logical nexus between the status asserted and the claim sought to be adjudicated."

It must be specifically stated that these holdings are based upon the allegations of the complaint as considered on motion to dismiss for lack of a claim upon which relief can be granted. The Board will have every opportunity to prove these allegations false, if so they be; further, the Board may during the process of the hearing disprove essential allegations and prove lack of standing in the Association to sue solely in its own name. Those matters await the proof—we here accept the allegations as true.

█ This is not a class lawsuit. There is no duty on the part of the Association to comply with Rule 23.07, Tennessee Rules of Civil Procedure. The Association sues for the benefit of its members, which as we have heretofore pointed out it has the right to do. The chancellor erred in holding that the Association must make individual members parties plaintiff because of the requirements of Rule 23.07, Tennessee Rules of Civil Procedure, which applies only to class actions.

The judgment of the chancellor is reversed and this lawsuit is remanded to the Chancery Court sitting in Lauderdale County, Tennessee, for such further proceedings as the law directs.

The accumulated costs to date in the chancery court and in this court are adjudged one–half against each party for which execution may issue, if necessary. Further costs in the chancery court shall abide the judgment of that court.

NEARN and SUMMERS, JJ., concur.