| LARRY B. FOX, | ) | Stewart Circuit |
| | ) | No. 4-321-CV-96 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| CITY OF DOVER and HEATH B. | ) | Appeal No. |
| STEVENS, | ) | 01A01-9803-CV-00122 |
| | ) | |
| Defendants/Appellees. | ) | |

FILED

October 16, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## APPEAL FROM THE CIRCUIT COURT OF STEWART COUNTY
## AT DOVER, TENNESSEE

## HONORABLE ALLEN WALLACE, JUDGE

William H. Poland, BPR #5818
POLAND & POLAND
408 Franklin Street
Clarksville, Tennessee 37040
ATTORNEY FOR PLAINTIFF/APPELLANT

Gregory P. Patton, BPR #14984
HURT, PATTON & PEAY, P.L.C.
308 South Second Street
Clarksville, Tennessee 37040
ATTORNEY FOR DEFENDANTS/APPELLEES,

**MODIFIED, AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, PRESIDING JUDGE, M.S.
WILLIAM B. CAIN, JUDGE

| | | |
|---|---|---|
| **LARRY B. FOX,** | ) | **Stewart Circuit** |
| | ) | **No. 4-321-CV-96** |
| **Plaintiff/Appellant,** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **CITY OF DOVER and HEATH B.** | ) | **Appeal No.** |
| **STEVENS,** | ) | **01A01-9803-CV-00122** |
| | ) | |
| **Defendants/Appellees.** | ) | |

# O P I N I O N

The plaintiff, Larry B. Fox, has appealed from a partial final judgment dismissing the defendant, Heath B. Stevens, and Tennessee Farmers Mutual Insurance Company, plaintiff's uninsured motorist insurer, pursuant to T.R.C.P. Rule 54.02.

Plaintiff presents the following issue:

> Whether the ninety (90) day period specified in T.C.A. § 20-1-119 9 is tolled until a defendant pleads his affirmative defense of comparative fault in accordance with T.R.C.P. 8.03.

On October 14, 1995, plaintiff sustained personal injuries and property damage when the vehicle he was operating was struck from the rear by a police cruiser operated by officer Tracy L. Hearndon on the business of the City of Dover.

On October 1, 1996, plaintiff sued the City and its employee.

On November 13, 1996, an answer was filed by the defendants stating:

> 4. The proximate cause of the accident which led to the damages, if any, suffered by the Plaintiff was the action of Heath B. Stevens, a fleeing criminal. Stevens was guilty of negligence, and/or willful and reckless conduct. His fault was more than 50% of the cause of the accident. Therefore, these Defendants bear no responsibility. Alternatively, in the event Stevens fault was less than 50% of the cause of the accident, then some proportion of fault must be attributed to him.

The briefs of the parties refer to numerous motions, orders and a "notice" which are not found in the record. This Court will consider only those documents which are found in the record, which reflect the following procedure after November 13, 1996:

On January 9, 1997, an agreed order was entered reading as follows:

> As is evidenced by the signatures of counsel below, the parties agree that defendant is allowed to amend its answer by deleting affirmative defense number 4 and inserting the following in its place:
>
>> The proximate cause of the accident which led to damages, if any, suffered by the plaintiff was the action of Heath B. Stevens, a fleeing criminal. Stevens was guilty of negligence, gross negligence, and/or willful and reckless conduct. To whatever extent his fault contributed to this accident, a percentage of responsibility must be assessed. Any recovery to which the plaintiff might otherwise be entitled must be reduced by that proportionate percentage.
>
> IT IS, THEREFORE, ORDERED that defendant's answer be amended by deleting affirmative defense number 4 and inserting in its place and stead the above.
>
> THIS, the 12 day of December, 1996.

On January 21, 1997, an agreed order was entered reading as follows:

> **AGREED ORDER**
>
> Pursuant to motion made by the defendant in response to plaintiff's motion to strike, the defendant is allowed to amend its answer by deleting Affirmative Defense number 4 and inserting the following in its place:
>
>> The proximate cause of the accident which led to damages, if any, suffered by the plaintiff was the action of Heath B. Stevens, a fleeing criminal. Stevens was guilty of negligence, gross negligence and/or willful and reckless conduct. Stevens violated T.C.A. § 55-8-132 when he failed to drive to a position parallel to the right-hand edge of the roadway and stop upon the approach of authorized emergency vehicles using audible and visual signals. Stevens violated T.C.A. § 55-8-104 by refusing and/or willfully refusing to comply with the lawful order or direction of

pursuing officers with authority to stop him. Stevens also violated T.C.A. § 55-8-152 by driving his automobile at an excessive rate of speed. Stevens drove his vehicle in willful and wanton disregard for the safety of persons and property in violation of T.C.A. § 55-10-205. Stevens also failed to operate his vehicle at a safe speed, under control, and in a manner consistent with concern for the safety and welfare of the public.

IT IS, THEREFORE, ORDERED that defendant's answer be amended by deleting Affirmative Defense number 4 and inserting in its place instead the above.

IT IS, FURTHER, ORDERED that plaintiff's motion to strike be and hereby is withdrawn.

THIS, the 21st day of January, 1997.

On April 14, 1997, plaintiff moved to amend his complaint to allege the following:

3. On November 22, 1996, Plaintiff filed a Motion to Strike Defendant's comparative fault defense alleging that the Defendant has not complied with T.R.C.P. 8.03 in stating the affirmative facts of the non-party's fault.

4. In response to Plaintiff's Motion to Strike, on or about December 10, 1996, the Defendant filed a Motion asking to amend its comparative fault defense and an Order was entered granting said Motion to Amend Defendant's Answer in that regard.

5. On December 16, 1996, Plaintiff filed a Motion to Strike the allegations of comparative fault as alleged in Defendant's First Amended Answer. Plaintiff set this Motion for a hearing on January 21, 1997, and Plaintiff filed a Memorandum of Law in support of its Motion to Strike on January 13, 1997.

6. On or about January 13, 1997, the Defendant filed its Response to Plaintiff's Motion to Strike.

7. On or about January 20, 1997, the Plaintiff and Defendant entered an Agreed Order allowing the Defendant to amend its Answer so as to comport with T.R.C.P. 8.03 by naming the non-party and pleading affirmative facts of the non-party's comparative fault.

8. T.C.A. 20-1-119 allows a Plaintiff ninety (90) days from the date that comparative fault of a non-party is plead in a Defendant's Answer to amend its Complaint pursuant to T.R.C.P. 15 and to name the non-party as a Defendant and to cause process to issue to the non-party.

**WHEREFORE PLAINTIFF MOVES THIS HONORABLE COURT** to allow Plaintiff to file the attached <u>Sixth Amended Complaint</u> naming the non-party Heath B. Stevens as a party defendant to this lawsuit.

On May 14, 1997, an order was entered permitting plaintiff to file his sixth amended complaint naming the third party wrongdoer.

On June 26, 1997, Tennessee Farmers Mutual Insurance Company moved that it be dismissed as an unnamed uninsured motorist insurer and/or for summary judgment in its favor on the ground that plaintiff's action against the movant was barred by the statute of limitations.

On September 10, 1997, plaintiff filed a response in which he insisted that defendant's original answer filed on November 13, 1996, did not comply with T.R.C.P. Rule 8.03 by specifying the fault of the third party tort feasor, and that this deficiency was not supplied until the City of Dover filed its <u>amended complaint</u> (Defense) on January 21, 1997. (The agreed order signed on December 12, 1996, and filed on January 9, 1997, and the agreed order filed on January 21, 1997, amended the defense twice.)

Attached to plaintiff's response was the affidavit of plaintiff's counsel that, at various times prior to August 1996, he was in contact with representatives of Tennessee Farmers Mutual Insurance Company regarding the claims of plaintiff.

Plaintiff insists that his amendment to include the uninsured motorist, and his insurer, filed on April 14, 1997, was "well within the 90 days allowed by T.C.A. § 20-1-119," which reads as follows:

> B. **T.C.A. § 20-1-119 Comparative fault - Joiner of third party defendants.** (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, <u>alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused</u>

or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:

(1)     Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2)     Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint' for purposes of this subsection.

- - - -

(b)     A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations.

Plaintiff's April 14, 1997, motion to amend was filed more than 6 months after defendant's November 13, 1996, answer and more than 90 days after the January 9, 1997, agreed order amending the answer. Moreover, the order permitting plaintiff's sixth amendment was not entered until May 14, 1997, more than 90 days after the orders of January 9 and 21, 1997, amending the "defendant's defense."

The statute of limitations for personal injuries is one year. T.C.A. § 28-3-104. As to damage to property, the limitation is 3 years. T.C.A. § 28-3-105.

Plaintiff's rights against the City and its employee are not involved in this appeal. The sole question before this Court at this time is whether plaintiff timely filed his action against the third party wrongdoer. It is not necessary to determine which of defendant's defenses was sufficiently explicit to trigger the 90-day "window" for amendment by the plaintiff. In respect to each of defendant's defenses, plaintiff did not amend within 90 days. The statute of limitations against plaintiff's property damage claim extends to October 14, 1998; hence,

plaintiff's suit for property damages filed before October 14, 1998, is alive and pending for future disposition. The one year statute on plaintiff's personal injury claim against the third party wrongdoer became barred on October 15, 1996, unless extended by T.C.A. § 20-1-119.

The third party wrongdoer was not mentioned in the original complaint filed on October 1, 1996. The first defense filed by the uninsured motorist insurer on November 13, 1996, stated:

> The proximate cause of the accident which led to the damages, if any, suffered by the Plaintiff was the action of Heath B. Stevens, a fleeing criminal. Stevens was guilty of negligence --- some proportion of the fault must be attributed to him.

T.C.A. § 20-1-119, quoted above, requires only that a named defendant allege in his answer that a non party caused or contributed to the injury or damages of plaintiff. The statute contains no requirement that the defendant specify the nature of the fault of the third party. Thus, on the face of the statute, the 90-day "window" for plaintiff to add the non party to this suit began on November 13, 1996, and extended 90 days to February 11, 1997. Under this view of the issue, plaintiff's suit for personal injuries against Heath B. Stevens and Tennessee Farmers Mutual Insurance Company must be dismissed as barred by the one year statute of limitations. As already stated, the property damage claim is not barred and should not be dismissed at this time.

In opposition to the foregoing reasoning, the plaintiff argues that the defense filed on November 13, 1996, was ineffective to trigger the beginning of the 90-day window for adding an unnamed defendant because of the requirement of T.R.C.P. Rule 8.03 which reads in pertinent part as follows:

> **8.03. - Affirmative Defenses**. - In pleading to a preceding pleading, a party shall set forth affirmatively facts in short plain terms relied upon to constitute --- comparative fault (including the identity or description of any other alleged tort feasor.

Plaintiff insists that the defense of third party wrongdoer was "void" and subject to be stricken because the facts (negligent acts or omissions of the third party) were not "set forth affirmatively." The record contains no challenge of the sufficiency of the November 13, 1996, affirmative defense until September 10, 1997, when plaintiff filed a response to the Motion to Dismiss filed by Tennessee Farmers Mutual Insurance Company on June 26, 1997.

The Advisory Commission comments regarding Rule 8.03 contain the following:

> The party relying upon matter constituting an avoidance or affirmative defense must set forth facts constituting such defenses in short and plain terms, just as under Rule 8.02. The party must set forth express denials of claims asserted by the adverse party.

Rule 8.02 provides:

> A party shall state in short and plain terms his or her defenses to each claim asserted.

If a defendant wishes to prove the fault of a non party, he must plead comparative negligence as an affirmative defense. *George v. Alexander*, Tenn. 1996, 931 S.W.2d 517.

A motion to strike may be employed against a portion of a pleading the allegations of which are offensive, scurrilous, or in gross violation of T.R.C.P. Rule 8. *Curve Elementary School Parent and Teachers Organization v. Lauderdale County School Board*, Tenn. App. 1980, 608 S.W.2d 855.

In *Barker v. Heekin Can Company*, Tenn. 1991, 804 S.W.2d 442, the Supreme Court held:

> The Rules of Civil Procedure are not intended as a trap for the unwary, but as a means of securing the just, speedy and inexpensive determination of every action. Certainly, the two and one-half year delay in notifying the

> plaintiff of the technical defect in this case added nothing to the prompt dispensation of justice.

This Court might paraphrase the foregoing by stating: The delay from November 13, 1996, to September 10, 1997, in notifying the defendant of the technical defect in its affirmative defense added nothing to the prompt dispensation of justice.

A prompt challenge to the sufficiency of the affirmative defense would undoubtedly been met with a corrective amendment under T.R.C.P. Rule 15.01 which would have contributed to the prompt dispensation of justice.

It has been well said that the Rules of Civil Procedure are intended to avoid "trial by ambush." Neither party is entitled to "lie in wait" until an error or omission is incurable if it would have been curable if timely challenged. Even if the affidavit of plaintiff's counsel were proper for consideration, it fails to state any circumstance supporting a waiver of the statute of limitations.

In summary, this Court holds that the November 13, 1996, defense of comparative fault in the answer of Tennessee Farmers Mutual Insurance Company was sufficient to trigger the 90-day extension of the statute of limitations provided by T.C.A. § 20-1-119. It correctly identified the third party wrongdoer and asserted that his negligence caused the injury of plaintiff. The details of his negligence, if known to defendant, could have been readily supplied if demanded and available. If not, such details could and would have been supplied by another participant in the collision who was a party to the case.

The judgment of the Trial Court is modified by deleting therefrom the dismissal of plaintiff's suit for property damages. The judgment, dismissing plaintiff's suit against Tennessee Farmers Mutual Insurance Company for personal injury, is affirmed. One-half of the cost of this appeal is assessed against the appellant and his surety. One-half of said

costs is assessed against the appellee.  The cause is remanded to the Trial Court for further proceedings in conformity with this opinion.

**MODIFIED, AFFIRMED AND REMANDED**.

_____
HENRY F. TODD, JUDGE

CONCUR:

_____
BEN H. CANTRELL
PRESIDING JUDGE, M.S.

_____
WILLIAM B. CAIN, JUDGE