# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 21, 2016 Session

## IN RE ESTATE OF JAMES KEMMLER ROGERS

**Appeal from the Chancery Court for Giles County
No. P107014  Stella Hargrove, Judge**

_____

**No. M2015-01439-COA-R3-CV – Filed October 17, 2016**

_____

Appellant, as a purported creditor of Decedent, appeals the trial court's denial of her petition to open primary or ancillary probate of Decedent's estate in Tennessee. Appellees, the Decedent's surviving children, argued, *inter alia*, that Appellant lacked standing to pursue probate in Tennessee. The trial court did not address the standing issue before denying probate. We conclude that, in the absence of a ruling on standing, the trial court's order is not final and appealable under Tennessee Rule of Civil Procedure 3(a). As such, this Court does not have subject-matter jurisdiction to hear the appeal. Appeal dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

John A. Beam, III and Irene R. Haude, Nashville, Tennessee, for the appellant, Patricia Porter Kryder a/k/a Patricia K. Gainer.

Andra J. Hedrick, Nashville, Tennessee, for the appellees, James Schneider Rogers and Jennifer Rogers-Etcheverry.

## OPINION

### I. Background

James Kemmler Rogers ("Decedent") died on June 11, 2014 in Bakersfield, California. Decedent was survived by two adult children, James Schneider Rogers and Jennifer Rogers-Etcheverry (together, "Appellees"). Decedent was employed in the cattle

business, and he moved quite frequently. In approximately 2007, Decedent began residing on a small portion of Appellant Patricia Porter Kryder's farm in Tennessee. Ms. Kryder is an attorney, who is licensed in Tennessee. In lieu of rent, Decedent and Ms. Kryder agreed that Decedent would provide handyman-like duties.

On May 18, 2012, Decedent was injured in an automobile accident. It is alleged that, prior to the accident, Decedent had discussed, with family and friends, the possibility of moving back to California. Shortly after the accident, Decedent moved back to California to be near his family. There is dispute between the parties as to whether Decedent ever regained his mental faculties after the accident and whether his move to California was voluntary. There is evidence that Decedent was active after he moved to California, i.e., swimming, eating out, and carrying on business. After moving to California, Decedent did not maintain any cable or phone services in Tennessee, nor did he vote here. Decedent had no property in Tennessee at the time of his death. Decedent's estate was admitted to probate in Kern County, California on or about June 11, 2014. Ms. Rogers-Etcheverry was named the administrator of the estate.

On November 7, 2014, Appellant filed a petition to probate Decedent's estate in the Chancery Court for Giles County, wherein she alleged that she was a "creditor of the estate." On December 3, 2014, Appellant filed an amendment to the petition to include a copy of the Decedent's will, which was executed in Texas. On December 15, 2014, Appellees filed a "Notice of Filing," with which they tendered certified copies of an order of probate and letters of special administration that had been issued in connection with the probate of Decedent's estate in Kern County, California. On December 18, 2014, Appellees filed a response as interested persons to the petition to probate, contesting probate in Tennessee.

The trial court heard the petition to probate on December 30, 2014 and January 15, 2015. On February 6, 2015, Appellees filed a motion for discretionary costs. On February 10, 2015, Ms. Kryder filed a request for findings of fact and conclusions of law. On February 10, 2015, the trial court entered a "Final Judgment and Order," which denied Appellant's petition to probate. Specifically, the trial court found that, "at the time of his death . . ., James Kemmler Rogers . . . resided in and was domiciled in California." The court found that there was no basis for either primary or ancillary probate in Tennessee. On February 13, 2015, the trial court entered an order granting Appellees' motion for discretionary costs in the amount of $4,777.41.

On March 9, 2015, Appellant filed a renewed petition for ancillary probate. As a ground for her petition, Ms. Kryder cited the 2012 "California Nonresident or Part-Year Resident Income Tax Return," which Decedent allegedly executed and filed. The document, Ms. Kryder argued, evidenced Decedent's intent to remain domiciled in Tennessee, although he was a resident of California.

- 2 -

After notice and time to cure, on June 8, 2015, Appellees filed a motion for Rule 11 sanctions against Ms. Kryder or her firm. Therein, Appellees alleged, *inter alia,* that Ms. Kryder had failed to pay the discretionary costs as ordered by the trial court. In addition, Appellees alleged that Ms. Kryder had engaged in "delay tactic[s]" by filing extraneous motions and memoranda in support of ancillary probate after the trial court had orally ruled that its order of February 10, 2015 was correct.

On June 12, 2015, Appellees filed a reply and supplemental memorandum in response to Ms. Kryder's renewed motion for ancillary probate. In this response, Appellees specifically raised the issue of whether Ms. Kryder had standing to pursue ancillary probate of Decedent's estate in Tennessee, *see* discussion *infra*.

On July 1, 2015, Ms. Kryder filed a response to Appellees' request for Rule 11 sanctions and request for her attorney's fees and costs. In her response, Ms. Kryder argued that her post-judgment filings were filed to bring

> to the court's attention . . . that the [February 10, 2015] order failed to make findings on required elements of proof (overt acts of the decedent in furtherance of intent to abandon Tennessee and adopt California), failed to establish who had the burden of proof at trial, made findings of intent by negative inference that are clearly inconsistent with the written statements of the decedent found in [the Nonresident California tax return), and made findings inconsistent with the substantial weight of the evidence on the issue of the decedent's recovery from the car wreck.

On July 7, 2015, Ms. Kryder filed a cross-petition for Rule 11 sanctions against Appellees.

The trial court heard Ms. Kryder's renewed petition for ancillary probate on June 12, 2015, *see* discussion *infra*. On July 14, 2015, the trial court entered an order denying Ms. Kryder's petition. Therein, the trial court found that Ms. Kryder had failed to present new evidence so as to necessitate rehearing; however, the trial court did not specifically rule on the standing argument that was raised by Appellees in their response to Ms. Kryder's petition for ancillary probate. On the same day, the trial court entered a separate order denying Ms. Kryder's request for the court to make additional findings of fact and conclusions of law. Ms. Kryder filed a notice of appeal on July 30, 2015.

On September 11, 2015, the trial court heard the cross-motions for Rule 11 sanctions. By order of September 21, 2015, the trial court denied Ms. Kryder's Rule 11 motion, but granted Appellees'. The court found "that all pleadings filed [on Ms. Kryder's behalf] after the hearing on February 13, 2015 . . . [were] improperly filed to harass, to cause unnecessary delay, and to increase the cost of litigation." In a "Final Judgment," which was entered on October 30, 2015, the trial court awarded Appellees' $5,311.85 in discretionary costs and

$34,705.61 in damages under Rule 11. In its October 30, 2015 order, the trial court states: "This is a final judgment that resolves all claims and issues in this case and is a final order pursuant to Tenn. R. Civ. P. 54, from which an appeal may be taken." Following entry of this order, Ms. Kryder filed a supplemental notice of appeal on October 6, 2015. Thereafter, on November 24, 2015, Appellees filed a motion to alter or amend the final judgment. In their motion, Appellees asked the trial court to amend its judgment to reflect Ms. Kryder's alias, Patricia K. Gainer. By order of December 8, 2015, this Court remanded the case to the trial court (noting that this Court might not have attained jurisdiction under Tennessee Rule of Appellate Procedure 3 in the absence of a ruling on Appellees' motion to alter or amend). On remand, the trial court entered an order on February 12, 2016, granting Appellees' motion and amending its judgment to also include Ms. Kryder's alias.

## II. Issues

Ms. Kryder raises 9 issues in her brief; however, we perceive that there are two dispositive issues, which we state as follows:

1.       Whether the trial court erred in denying Appellant's petition to open primary or ancillary probate of Decedent's estate in Tennessee.

2.       Whether the trial court erred in awarding Rule 11 sanctions against Appellant and in denying Appellant Rule 11 sanctions against Appellees.

## III. Analysis

As briefly noted above, in their response to Ms. Kryder's renewed petition for ancillary probate, which was filed on June 12, 2015, Appellees specifically raised the issue of whether Ms. Kryder had standing to pursue probate in Tennessee:

> [Ms. Kryder] is not an heir of the decedent. [Ms. Kryder] is not a beneficiary under the decedent's will. Rather, [Ms. Kryder] is before the Court as a purported creditor of the decedent. [Ms. Kryder's] standing to pursue probate of the decedent's will in Tennessee is derived from her status as a purported creditor. Without a viable creditor claim, [Ms. Kryder] has no standing to pursue (or to continue to pursue) probate of the decedent's will in Tennessee.

At the June 12, 2015 hearing, Appellees again raised the question of standing. In relevant part, Appellees' attorney argued that

> [b]efore addressing the substantive matters . . . I want to talk about a procedural matter that makes it moot that we're here in the first place. . . . By statute, in order to even pursue a claim or any sort of proceedings as a creditor

- 4 -

in a Tennessee probate court, you must file your claim or your order of revivor by the date which is one year from the date of death. That was yesterday. No claim has been filed . . . And [Ms. Kryder] is here and throughout the lawsuit has been . . . purported to be a creditor of the estate. And, Your Honor, I would argue that once there is no possibility of any viable claim against the estate in Tennessee, that there no longer is standing to pursue probate, whether it's primary or ancillary. So I'd ask the Judge to dismiss the motion for new trial and for reconsideration on that ground alone.

After giving Appellant's attorney time to respond, the trial court stated: "Well, I'm going to reserve that issue and have you argue it further." However, there is no indication that the trial court subsequently ruled on the issue of standing, either from the bench or in its written orders.

The question of standing is not simply an alternate ground for adjudication; standing goes to the threshold inquiry of whether Ms. Kryder's petition for primary or ancillary probate is justiciable. As explained by the Tennessee Supreme Court:

> Courts use the doctrine of standing to determine whether a litigant is entitled to pursue judicial relief as to a particular issue or cause of action. *ACLU of Tenn. v. Darnell*, 195 S.W.3d 612, 619 (Tenn. 2006); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn.1976). The proper focus of a determination of standing is a party's right to bring a cause of action, and the likelihood of success on the merits does not factor into such an inquiry. *Darnell*, 195 S.W.3d at 620; *Petty v. Daimler/Chrysler Corp.*, 91 S.W.3d 765, 767-68 (Tenn.Ct.App.2002). Every standing inquiry requires a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).
>
> Our jurisprudence recognizes two categories of standing that govern who may bring a civil cause of action: non-constitutional standing and constitutional standing. Non-constitutional standing focuses on considerations of judicial restraint, such as whether a complaint raises generalized questions more properly addressed by another branch of the government, and questions of statutory interpretation, such as whether a statute designates who may bring a cause of action or creates a limited zone of interests. *See In re Estate of Smallman*, 398 S.W.3d 134, 148-49 (Tenn.2013); *State v. Harrison*, 270 S.W.3d 21, 28 (Tenn.2008); *see also Ditto v. Del. Sav. Bank*, No. E2006-01439-COA-R3-CV, 2007 WL 471146, at *3 (Tenn. Ct. App. Feb. 14, 2007) (discussing prudential considerations relevant to non-constitutional standing). Constitutional standing, the issue in this case, is one of the "irreducible ... minimum" requirements that a party must meet in order to present a justiciable

controversy. ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *see also* ***City of Chattanooga v. Davis***, 54 S.W.3d 248, 280 (Tenn.2001); ***Norma Faye Pyles Lynch Family Purpose LLC***, 301 S.W.3d at 202-[2]03 (noting that Tennessee courts' adoption of the various justiciability doctrines, including standing, has a basis in the separation of powers required under article II, sections 1 and 2 of the Tennessee Constitution).

To establish constitutional standing, a plaintiff must satisfy "three 'indispensable' elements." ***Darnell***, 195 S.W.3d at 620 (quoting ***Petty***, 91 S.W.3d at 767). First, a party must show an injury that is "distinct and palpable"; injuries that are conjectural, hypothetical, or predicated upon an interest that a litigant shares in common with the general citizenry are insufficient in this regard. ***Id***. Second, a party must demonstrate a causal connection between the alleged injury and the challenged conduct. ***Id***. (citing ***Mayhew v. Wilder***, 46 S.W.3d 760, 767 (Tenn.Ct.App.2001)). While the causation element is not onerous, it does require a showing that the injury to a plaintiff is "fairly traceable" to the conduct of the adverse party. ***Id***. (quoting ***DaimlerChrysler Corp. v. Cuno***, 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006)). The third and final element is that the injury must be capable of being redressed by a favorable decision of the court. ***Id***.; *see also* ***Davis***, 54 S.W.3d at 280 (noting that the third standing element requires an injury that "is apt to be redressed by a remedy that the court is prepared to give" (quoting ***Metro. Air Research Testing Auth., Inc. v. Metro. Gov't of Nashville & Davidson Cnty***., 842 S.W.2d 611, 615 (Tenn.Ct.App.1992))).

***City of Memphis v. Hargett***, 414 S.W.3d 88, 97-98 (Tenn. 2013). Even though standing does not depend on the merits, it often turns on the nature and source of the claim asserted. Thus, the inquiry requires a "careful judicial examination of the complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." ***Id***. at 97 (citation omitted); *see also* ***Curve Elementary Sch. Parent & Teacher's Org. v. Lauderdale Cnty. Sch. Bd***., 608 S.W.2d 855, 858 (Tenn.Ct.App.1980) ("[I]n ruling on standing, it is both appropriate and necessary to look to the substantive issues to determine whether there is a logical nexus between the status asserted and the claim sought to be adjudicated.") (quoting ***Flast v. Cohen***, 392 U.S. 83, 88, S.Ct. 1942, 20 L.Ed.2d 947 (1968)).

Although the trial court did not adjudicate the standing issue, in its October 30, 2015 order, the trial court states: "This is a final judgment that resolves all claims and issues in this case and is a final order pursuant to Tenn. R. Civ. P. 54, from which an appeal may be taken." Tennessee Rule of Civil Procedure 54.02 provides:

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties

- 6 -

are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties

The question, then, is whether the trial court's reliance on Tennessee Rule of Civil Procedure 54.02 language will excuse its failure to rule on the threshold issue of Ms. Kryder's standing. Because this question goes directly to the issue of whether the trial court's judgment is final, the standing issue also bears on whether this Court has subject-matter jurisdiction to hear the appeal under Tennessee Rule of Appellate Procedure 3(a), which provides:

> (a)     Availability of Appeal as of Right in Civil Actions. In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Because subject-matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived, *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996), this Court may consider the question of subject-matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998).

Generally, the trial court's decision regarding whether to certify a judgment as final under Rule 54.02 is reviewed under an abuse of discretion standard. *Newell v. Exit/In, Inc.*, No. M2003-00434-COA-R3-CV, 2004 WL 746747, at *1 (Tenn. Ct. App. Apr. 7, 2004). Rule 54.02 creates two prerequisites to the certification of final judgment: (1) the order must eliminate one or more but fewer than all of the claims or parties, *Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 558 (Tenn. 1990), and (2) the order must expressly direct the entry of final judgment upon an express finding of "no just reason for delay," *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn.1983). If the trial court certifies a judgment that is not conclusive as to "one or more but less than all of the claims in the action or the rights and liabilities of one or more

- 7 -

parties, an appeal from it will be dismissed, even though the trial court decided to treat the order as final." 10 Charles Alan Wright *et al*., <u>Federal Practice and Procedure</u> § 2655 & n.8 (3d ed.1998) (collecting cases). In other words, a judgment pursuant to Rule 54.02 is a final judgment with respect to a particular party or claim. Tenn. R. Civ. P. 54.02. A final judgment is one that fully adjudicates the rights of the parties with respect to the claim pursued; a final judgment leaves nothing further for the court to resolve. Tenn. R. App. P. 3(a); ***Shofner v. Shofner***, 181 S.W.3d 703, 712 (Tenn.Ct.App.2004). Thus, judgment on a claim certified as final pursuant to Rule 54.02 must fully resolve the claim, leaving nothing further for the court to resolve with respect to that claim. *Id*. Here, the question of Ms. Kryder's standing to bring a petition for primary or ancillary probate must be resolved as a threshold inquiry.  In the absence of a determination as to standing, Ms. Kryder's petitions for probate and any additional motions flowing therefrom are not fully resolved, and the trial court's inclusion of Rule 54.02 language in its order will not cure this deficit.

An additional problem with the trial court's inclusion of Rule 54.02 language is that the court fails to make a specific finding that "there is no just reason for delay" of entry of a final judgment.  Implicit in entry of a final judgment pursuant to Rule 54.02 is a finding by the trial court that supports entry of the judgment. ***Huntington Nat'l Bank v. Hooker***, 840 S.W.2d 916, 920 (Tenn.Ct.App.1991). Accordingly, this Court will dismiss an appeal if it determines that a certified judgment either does not contain the requisite express findings, ***Fagg v. Hutch Manufacturing Co***., 755 S.W.2d 446, 447 (Tenn.1988), or improperly holds that "no just reason for delay" exists. ***Huntington Nat'l Bank***, 840 S.W.2d at 922.  Here, not only does the trial court's order fail to fully adjudicate the necessary question of standing, but it also fails to make a specific finding that there is "no just reason for delay" of entry of a final judgment.

Because Ms. Kryder's petition for primary or ancillary probate rests, in the first instance, on the question of whether she has standing to bring such petition, the proper adjudication of the issues raised on appeal (and in the trial court) is contingent on the trial court's determination regarding standing.  Notwithstanding the fact that the trial court's rationale for entering the judgment as final pursuant to Rule 54.02 is not based on findings that support a determination that there is "no just reason for delay," the claims raised in the trial court have not been fully adjudicated where the trial court has failed to address the threshold issue of standing.

## IV. Conclusion

We dismiss the appeal for lack of a final judgment.  We remand the case to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Patricia Porter Kryder a/k/a Patricia K. Gainer, and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE