IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2002 Session

## JOEL PETTY v. DAIMLER/CHRYSLER CORPORATION

**Direct Appeal from the Chancery Court for Shelby County**
**No. 98-0455-3     D. J. Alissandratos, Chancellor**

---

**No. W2001-01152-COA-R3-CV - Filed March 13, 2002**

---

Plaintiff in this case alleges that Defendant violated Tennessee's motor vehicle glass safety statutes which were in effect when Plaintiff purchased his vehicle in 1998. The court below found no violation and entered judgment for Defendant. We find that Plaintiff failed to introduce evidence of injury or damages and therefore affirm judgment for Defendant.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Patrick M. Ardis and Daniel K. Evans, Memphis, Tennessee, for the appellant, Joel Petty.

Ernest A. Petroff, J. Randolph Bibb, Jr., and Bradley E. Trammell, for the appellee, Daimler Chrysler Corporation.

**OPINION**

Mr. Petty purchased a new 1998 Plymouth Grand Voyager mini-van in January of 1998. In May of 1998, he filed suit against the manufacturer, DaimlerChrysler,[2] in Shelby County Chancery Court, alleging that the specific form of tempered glass used in the side and rear windows of the vehicle violated the Tennessee motor vehicle safety glass statutes then in effect. The statute provided, in pertinent part:

---

[1]The trial court entered judgment for the Defendant upon finding "[t]hat tempered safety glass meets the definition of safety glass as defined by the former Tenn. Code Ann. Section 55-9-210." Since Plaintiff failed to introduce evidence of damages, we affirm judgment for the Defendant, albeit on alternate grounds.

[2]The complaint originally was filed against Chrysler Corporation and was amended on June 8, 1999, by Mr. Petty's restated second amended complaint to substitute DaimlerChrysler Corporation.

**Safety glass in motor vehicles: - -** (a) From and after July 1, 1957, no person shall sell a new motor vehicle as specified herein, nor shall any person register such new motor vehicle as specified herein after such date unless such vehicle is equipped with safety glass of a type approved by the commissioner of the department of safety wherever glass is to be used in doors, windows and windshields of such vehicles.

Tenn. Code Ann. § 55-9-208 (repealed Acts 1999, ch. 58, § 1)

**"Safety glass" defined: - -** [t]he term "safety glass" shall mean any product composed of glass, so manufactured and/or fabricated as substantially to prevent the shattering and flying of the glass when struck or broken, or such other or similar product as may be approved by the commissioner of the department of safety. The commissioner shall compile and publish a list of types of glass by name which are approved by him as meeting the requirements of §§ 55-9-208 – 55-9-211.

Tenn. Code Ann. § 55-9-210 (repealed Acts 1999, ch. 58, § 1).

Mr. Petty prays for replacement of the alleged nonconforming side and rear window glass and for compensatory relief. He also submits that DaimlerChrysler committed a fraud by selling motor vehicles allegedly not in compliance with the safety glass statutes, and that this fraud constitutes a violation of section 104(b)(2), (3) and (5) of the Tennessee Consumer Protection Act. *See* Tenn. Code Ann. § 41-18-104(b)(2), (3), (5). In his reply brief to this Court, Mr Petty contends that he has sustained damages in the amount of $20,699.00, the purchase price of the van, since "[t]he vehicle was worthless at the time of purchase, because it was illegal."

The chancellor denied Mr. Petty's motion for summary judgment and suggested that the case be tried upon the record as a whole and upon written submissions of evidence. The parties consented to this procedure, and on April 16, 2001, the chancellor issued a memorandum opinion finding in favor of DaimlerChrysler. The chancellor found that the glass in question met the criteria for "such other or similar product" permitted by the statute. Mr. Petty now appeals this judgment.

### *Issues on Appeal*

On appeal, Mr. Petty raises eight issues for our review. These issues address the admission of evidence by the court below and the court's interpretation of the glass statute. DaimlerChrysler submits, *inter alia*, that Mr. Petty's claim must fail as a matter of law because there was no private right of action under the statute, and because he neither pled nor sustained damages. We agree with DaimlerChrysler that Mr. Petty lacked standing to bring this claim. The other issues accordingly are pretermitted.

## Standard of Review

Our standard of review of the trial court's findings of fact are *de novo* with a presumption of correctness. Tenn. R. App. P.13(d). With respect to the trial court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See Bowden v. Ward*, 275 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P. 13(d).

## Discussion

Courts employ the doctrine of standing to determine whether a claimant is "properly situated to prosecute the action." *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). In order to establish standing, a party must demonstrate three essential elements. *Metropolitan Air Research Testing Auth., Inc. v. Metropolitan Gov't of Nashville and Davidson County*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the party must demonstrate that it has suffered an injury which is "distinct and palpable," *Metropolitan Air Research Testing Auth., Inc.*, 842 S.W.2d at 615, and not conjectural or hypothetical. *Lujan*, 504 U.S. at 560. Second, the party must establish a causal connection between that injury and the conduct of which he complains. *Metropolitan Air Research Testing Auth., Inc.*, 842 S.W.2d at 615. Third, it must be likely that a favorable decision will redress that injury. *Id.* These elements are indispensable to the plaintiff's case, and must be supported by the same degree of evidence at each stage of litigation as other matters on which plaintiff bears the burden of proof. *Lujan*, 504 U.S. at 560. The party, and not the merits of the case, is the major focus of a determination of standing. *Metropolitan Air Research Testing Auth., Inc. v. Metropolitan Gov't of Nashville and Davidson County*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992).

Standing often depends on the nature of the claim. *Id.* The inquiry therefore demands "careful judicial examination of the complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 752 (1984)). Where, as here, the asserted injury involves a statutory violation, the court must determine whether the statute provides the plaintiff with a cause of action. *Id.* If the statute evidences a private right of action, we must then look to the remedy it provides. *See Pratt v. SMART Corp.*, 968 S.W.2d 868, 873 (Tenn. Ct. App. 1997).

The motor vehicle safety glass statute invoked by Mr. Petty in this case provided no private cause of action. As part of the equipment and lighting regulations for motor vehicles, it proscribed that glass used in motor vehicles must be safety glass. Tenn. Code Ann. § 55-9-208 (repealed Acts 1999, ch. 58, § 1). The statute vested authority with the commissioner of the department of safety to approve certain types of glass as safety glass. Tenn. Code Ann. § 55-9-208 (repealed Acts 1999, ch. 58, § 1). Safety glass was defined as "any product composed of glass, so manufactured and/or fabricated as substantially to prevent the shattering and flying of the glass when struck or broken, or such other or similar product as may be approved by the commissioner of the department of safety." Tenn. Code Ann. § 55-9-210 (repealed Acts 1999, ch. 58, § 1). Section 55-9-211 provided the remedy for violations of the statute by vesting the commissioner with the power to suspend the

registration of any motor vehicle not in compliance. Tenn. Code Ann. § 55-9-211 (repealed Acts 1999, ch. 58, § 1). The only remedy provided by the statute is to be had by the State.

Mr. Petty's contention that he is entitled to recovery under the Consumer Protection Act likewise is without merit. While the Consumer Protection Act provides a private cause of action, the record in this case does not support a finding that DaimlerChrysler committed a fraud of the type envisioned by the Act. Most critically, Mr. Petty has offered no proof that he has suffered any damages as a result of the alleged statutory violations. When asked by this Court at oral argument what evidence of damages was contained in the record, counsel for Mr. Petty answered, "[n]one." Counsel asserted that no evidence was introduced because the issue was never reached at trial. We find this argument unconvincing.

Mr. Petty argues that it was error for the court below to allow DaimlerChrysler to introduce evidence after the December 14, 2000, agreement to try the case on briefs. As we understand his argument, Mr. Petty contends that the admission of this evidence altered the case, and that the case as tried was therefore not the case he agreed to submit to trial by briefs. If Mr. Petty is correct in his assertion that the record should consist only of evidence introduced by December 14, 2000, then the trial record should contain all evidence to be introduced by him. This was not a declaratory judgment action, nor was the case bifurcated on the issue of damages. The chancellor's consent order at trial on brief states: "[t]he briefs are to be based upon the full record in this cause." We find no merit in the implication that the issue of damages was somehow "not reached."

Mr. Petty has alleged no personal injury or economic loss as a result of the alleged violation, but only diminution of value. He argues to this Court and in his complaint that his vehicle "was worthless at the time of purchase, because it was illegal," but offers no evidence that he has been unable to resell the vehicle or that he has otherwise sustained injury or damages as a result of the alleged statutory violation. We are entitled to rely on Mr. Petty's counsel that the voluminous record in this case contains no evidence of such damages. *See Schoen v. J.C. Bradford Co.*, 642 S.W.2d 420, 427 (Tenn. App. 1982)(holding that this Court is under no duty to minutely search a voluminous record to support arguments unsupported by citations to the record). Mr. Petty cites to no evidence of damages in the record, and we find none upon review.

Without a palpable injury, there can be no standing; without proof of damages, there can be no remedy. The judgment of the court below is therefore affirmed. Costs of this appeal are taxed to the appellant, Mr. Joel Petty, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-4-