# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
October 5, 2012 Session Heard at Athens

## IN RE:  ESTATE OF RAYMOND L. SMALLMAN

**Appeal by Permission from the Court of Appeals, Eastern Section
Chancery Court for Hamblen County
No. 2009P120, 2009-440      Thomas R. Frierson, II, Chancellor**

---

**No. E2010-02344-SC-R11-CV - Filed February 26, 2013**

---

WILLIAM C. KOCH, JR., J., concurring in part and dissenting in part.

I concur with the Court's decision to remand this case for a new trial because the trial court erred by admitting into evidence testimony regarding Ms. Caraway's real estate holdings and regarding the execution and substance of Ms. Caraway's late mother's will. However, I disagree with the Court's refusal to address Ms. Caraway's challenge to the standing of Mr. Smallman's sons to contest the validity of her marriage to their father and with the Court's decision that Ms. Caraway may not raise the standing issue on remand.

Standing is an indispensable element of a plaintiff's case.  *See Petty v. Daimler/Chrysler Corp.*, 91 S.W.3d 765, 767 (Tenn. Ct. App. 2002).  Under Tennessee law, when a plaintiff lacks standing, the courts are precluded from adjudicating the plaintiff's claims.  *ACLU v. Darnell*, 195 S.W.3d 612, 619 (Tenn. 2006).  Thus, "no case or controversy is presented where the plaintiff lacks standing to sue." *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001).

A case must be justiciable at every stage of the proceeding, and if a case is not justiciable, it should be dismissed.  Because a plaintiff's standing is integrally related to the proper exercise of judicial power, I would find that a challenge to standing is one of those issues that may be raised for the first time on appeal under Tenn. R. App. P. 13(b). Accordingly, I believe that this Court can and should address the standing question in this case.

In addition, a challenge to standing is not an affirmative defense under Tenn. R. Civ. P. 8.03.  *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976).  Accordingly, it is not waived if it is not properly pleaded.  Because this case is being remanded for a new trial, I

see no sound basis for preventing Ms. Caraway from challenging the standing of Mr. Smallman's sons to contest the validity of her marriage to their father. The proceedings will not be unduly delayed and the parties will not be prejudiced by a full airing of this issue in the trial court.

_____
WILLIAM C. KOCH, JR., JUSTICE