IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 22, 2013 Session

## LEWIS D. CHAPMAN, Individually and as an Employee and Deputy Sheriff of Shelby County, Tennessee v. SHELBY COUNTY GOVERNMENT, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-10-1265     Kenny W. Armstrong, Chancellor

No. W2012-02223-COA-R3-CV - Filed June 20, 2013

The trial court determined that Plaintiff had failed to demonstrate an injury and accordingly lacked standing in this declaratory judgment action. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Thomas E. Hansom, Memphis, Tennessee, for the appellant, Lewis D. Chapman.

Jameson Dylan King and Louis P. Britt, III, Memphis, Tennessee, for the appellees, Shelby County Government, Shelby County Sheriff Bill Oldham, Shelby County Sheriff's Office, Kathy L. Crowder, Markus T. Mack, and Essie T. Branch.

### OPINION

This appeal arises from a declaratory judgment action filed by Shelby County Deputy Sheriff Lewis D. Chapman (Mr. Chapman) in the Chancery Court for Shelby County on July 12, 2010. In his complaint, Mr. Chapman asserted that Shelby County Sheriff Mark H. Luttrell ("the Sheriff")[1] had "unlawfully, arbitrarily, and unilaterally transferred, reclassified and/or promoted three employees, Kathy L. Crowder ("Crowder"), Markus T. Mack ("Mack") and Essie T. Branch ("Branch"), from the Homeland Security Section of the

---

[1]On July 22, 2011, the trial court entered an order substituting Sheriff Bill Oldham, in his official capacity as an elected officer, for Sheriff Luttrell.

Sheriff's Office into classified positions in the Shelby County Sheriff's Office" in contravention of the Shelby County Civil Service Merit System ("the Merit Act"), the policies of the Shelby County Sheriff's Office, the Employment Policies of Shelby County, and the Compensation Policy of Shelby County." Mr. Chapman asserted that the Merit Act sets forth and requires a promotional process for the classified positions ("the positions"); that the process established by the Merit Act requires eligibility lists of those eligible to be promoted; that he was listed on a valid open promotion eligibility list certified by the Shelby County Human Resources Department; and that he was the third name on the list for promotions for the position of sergeant, although there was no order of eligibility for promotion. He further asserted that Crowder, Mack and Branch were not on the list of those eligible for promotion, and that the Sheriff wrongfully "transferred, reclassified and/or promoted" Crowder from Shelby County Police Captain to Deputy Sheriff Lieutenant, and Mack and Branch from Shelby County Police Lieutenants to Deputy Sergeants in violation of the Merit Act and Sheriff's Office and County employment policies. Mr. Chapman prayed for a declaration that the Sheriff's actions were null and void, for a temporary restraining order removing Crowder, Mack and Branch from their present rank, and a preliminary and/or permanent injunction. The trial court trial court entered a temporary restraining order ("TRO") the same day.

On July 13, 2010, Shelby County ("the County") filed a motion to dissolve the TRO. The trial court heard the matter on July 14, and denied the motion by order entered July 15, 2010. The County filed an application for an extraordinary appeal and a motion to stay in this Court. We stayed the TRO by order entered July 16, 2010, and held the application for extraordinary appeal in abeyance pending the trial court's ruling on preliminary injunctive relief. After a hearing on July 27, 2010, the trial court denied Mr. Chapman's prayer for an injunction enjoining Crowder, Mack and Branch from exercising their authority pursuant to their ranks.

The County, the Sheriff, the Sheriff's Office, Crowder, Mack and Branch (collectively, "Defendants") answered on August 18, 2010, denying that the "reclassification" of Crowder, Mack and Branch constituted a promotion or were in contravention of the Merit Act or other policies. They also asserted several affirmative defenses, including that Mr. Chapman lacked standing. Following discovery, Defendants filed a motion for summary judgment on June 17, 2012. In their motion, Defendants asserted that Mr. Chapman lacked standing to sue and that he could not establish that any of the Defendants violated the Merit Act or any other provision of law. The trial court heard the motion on September 20, 2012. By order entered September 27, 2012, the trial court awarded summary judgment to Defendants on the basis that Mr. Chapman lacked standing where he did not show that he had a distinct and palpable injury not shared in common with other citizens. Mr. Chapman filed a timely notice of appeal to this Court.

-2-

### Issues Presented

Mr. Chapman raises the following issue for our review:

Whether the trial court erred in finding that Appellant had no standing to challenge the alleged violation of the civil service merit act and Shelby County policies in a declaratory judgment action.

### Standard of Review

The trial court's award of summary judgment in this case was based entirely on its determination that Mr. Chapman lacked standing. Whether a party has standing involves a question of law. *Cox v. Shell Oil Co.*, 196 S.W.3d 747, 758 (Tenn. Ct. App. 2005). Accordingly, our review is *de novo* upon the record, with no presumption of correctness attached to the trial court's conclusions. *Id.* (citations omitted).

### Discussion

Standing, a court-made doctrine, "is essential for a resolution on the merits of a legal controversy." *Fannon v. City of LaFollette*, 329 S.W.3d 418, 424 (Tenn. 2010) (citations omitted). Courts apply the doctrine to determine whether a plaintiff is "'properly situated to prosecute the action.'" *Petty v. Daimler/Chrysler Corp.*, 91 S.W.3d 765, 767 (Tenn. Ct. App. 2002)(quoting *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn.1976)). The doctrine of standing precludes courts from adjudicating actions brought by a plaintiff "'whose rights have not been invaded or infringed.'" *Fannon,* 329 S.W.3d at 424 (quoting *Am. Civil Liberties Union of Tenn. v. Darnell*, 195 S.W.3d 612, 619-21 (Tenn. 2006)(quoting *Mayhew v. Wilder*, 46 S.W.3d 760, 766-767 (Tenn. Ct. App. 2001)). Absent the limitations imposed by standing and related doctrines, "'the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights.'" *Id.* (quoting *id*. at 620 (footnote omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975))).

A plaintiff must establish three elements to demonstrate standing. First, the plaintiff must establish that he has suffered an injury in fact that is not merely "'conjectural or hypothetical,'" but is "'distinct and palpable.'" *Id.* (quoting *Darnell*, 195 S.W.3d at 620). The injury must be distinct from an injury shared with "the public at large." *Mayhew v. Wilder*, 46 S.W.3d 760, 768 (Tenn. Ct. App. 2001). Second, the plaintiff must establish "'a causal connection between the claimed injury and the challenged conduct[.]'" *Fannon,* 329 S.W.3d at 424 (quoting *Darnell*, 195 S.W.3d at 619). Third, the plaintiff must establish

"'that the alleged injury is capable of being redressed by a favorable decision of the court.'" *Id.* (quoting id). The plaintiff carries the burden to establish the elements of standing by a preponderance of the evidence. *Id.*

The focus of the determination of standing is on the party, not the merits of the action. *Petty*, 91 S.W.3d at 768. Whether a party has standing to assert a claim is not dependent on the likelihood of success on the merits of the claim. *Cox v. Shell Oil Co.*, 196 S.W.3d 747, 758 (Tenn. Ct. App. 2005)(citation omitted). Because the determination of whether a party has standing may "hinge on the nature of its claims," however, "a standing inquiry requires a 'careful judicial examination of the complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.'" *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984)).

The provisions of the Merit Act and the employment policies of the County and the Sheriff's Office are not disputed in this matter. The relevant background facts also are not disputed. In 2005, the Shelby County Commission adopted a resolution transferring control of Shelby County Police Officers, whose duties included policing County facilities and properties and who formerly reported to the County Mayor as County employees, to the Sheriff's Office. Crowder, Mack and Branch were among former County police officers who were assimilated into the Sheriff's Office in the Homeland Security Unit. However, they were not brought into the organizational structure of the Sheriff's Office until 2010, when their ranks were "reclassified" in accordance with the Sheriff's Office pay scale and, as Defendants assert in their brief to this Court, "three newly created positions were added to the complement of [Sheriff's Office] Lieutenant and Sergeant ranks." In April 2010, the Sheriff's Office informed Crowder, Mack and Branch by interoffice memo that their positions were being "eliminated," and that they were being offered other positions effective May 3, 2010, subject to a 90-day probation period. Crowder, Mack and Branch did not fill previously existing vacancies, however, and were integrated by the Sheriff's Office after consultation with the County Human Resource Office. There was no pay raise until 90 days after transition into the Sheriff's Office organizational structure. Defendants assert the pay scale remained within the range of their former positions. Mr. Chapman asserts it did not.

The gravamen of Mr. Chapman's claim in this case, as we perceive it, concerns the characterization of the transition of Crowder, Mack and Branch to classified positions in the Sheriff's Office, and whether the transition was carried out in a manner consistent with the Merit Act and the relevant policies of the County and the Sheriff's Office. Defendants assert that the transition of the three employees was merely a "reclassification" and not a promotion; that such reclassification was not inconsistent with the Merit Act and policies of the Sheriff's Office; and that Mr. Chapman has suffered no injury because there was no available position to which to promote him prior to the reclassification. Defendants also

contend in their brief, however, that the "reclassification" increases the number of positions that ultimately will be available to those on the promotion list. Defendants further submit that, assuming Crowder, Mack and Branch were "promoted," Mr. Chapman's claim cannot be remedied by the court because, absent the transition, there would be no available position to which to promote him. It is undisputed, however, that the process included the creation of three new positions within the Sheriff's Office organizational structure.

Mr. Chapman, on the other hand, asserts that the transition was not consistent with either the Merit Act or the Sheriff's Office policies with respect to promotion and the lateral transfer of employees; that characterizing the transition as a "reclassification" is disingenuous where three new positions were created in the Sheriff's Office organizational structure; that Crowder, Mack and Branch were, in fact promoted or improperly laterally transferred into those positions in contravention of the Merit Act and Sheriff's Office policies; and that he suffered a distinct injury because he was wrongfully denied the opportunity to apply for one of the two new sergeant positions where he was on the list of those eligible for promotion and Crowder, Mack and Branch were not.

The trial court determined that Mr. Chapman lacked standing in this case because

the assimilation of the Homeland Security Section into the Shelby County Sheriff's Office and the reclassification of the rank of the individual defendants involved did not deprive [Mr. Chapman] of any promotional opportunity. The promotional opportunities that were available to [Mr. Chapman] before the assimilation and reclassification of these employees were still available to him after this action by the County. In fact, no existing positions within the Sheriff's Office were affected by the County's actions regarding the individual Defendants.

As Mr. Chapman asserts in his brief to this Court, the trial court's determination presupposes that the transition of Crowder, Mack and Branch was, in fact, a permissible "reclassification" under the Merit Act and Sheriff's Office and County policies. It assumes the process by which former Shelby County police were assimilated and/or merged into the Sheriff's Office was not inconsistent with the Merit Act and County employment policies, and that, as a factual matter, the Sheriff did not create three new positions and wrongfully deny Mr. Chapman the opportunity to seek promotion into one of the sergeant positions. In short, it is predicated on assumptions or determinations about the merits of Mr. Chapman's claim that Crowder, Mack and Branch were wrongfully promoted or laterally transferred into newly created positions in contravention of the Merit Act and the employment policies of the Sheriff's Office.

As noted above, whether a party has standing does not depend on whether his claim is likely to succeed on the merits, and we do not opine on the merit's of Mr. Chapman's claim. Mr. Chapman has asserted an injury distinct from that of the general public where he asserts that the Sheriff wrongfully transferred or promoted Crowder, Mack and Branch to newly created positions in contravention of the Merit Act and employment policies of the Sheriff's Office and the County, thereby wrongfully denying him the opportunity to apply for a promotion where he was on the list of those eligible for promotion.

### *Holding*

In light of the foregoing, summary judgment in favor of the County on the basis of standing is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are taxed to the Appellees, Shelby County Government; Shelby County Sheriff Bill Oldham in his capacity as an elected officer of Shelby County; Shelby County Sheriff's Office; Kathy L. Crowder; Markus T. Mack; and Essie T. Branch.

_____

DAVID R. FARMER, JUDGE