# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 8, 2016 Session

## VANDERBILT MORTGAGE AND FINANCE, INC. v.
## PHILLIP W. VANDERGRIFF ET AL.

### Appeal from the Chancery Court for Anderson County
### No. 14CH6260     M. Nichole Cantrell, Chancellor

---

### No. E2015-01121-COA-R3-CV-FILED-JUNE 17, 2016

---

The plaintiff lender filed this action to quiet title to certain real property and regain possession of said property from its current occupants, one of whom owed a debt to the lender that originated in 1996. At the time of the making of the indebtedness, the debtor executed a deed of trust regarding the subject property to secure the debt. The property was subsequently sold at a delinquent tax sale in 2008. The tax sale purchaser later conveyed title to the property back to the debtor in 2012. Upon the debtor's failure to make timely payments to the lender in 2013, the lender foreclosed on the subject property pursuant to the 1996 deed of trust. The lender was the highest bidder at the foreclosure sale and acquired a successor trustee's deed to the subject property. The trial court upheld the lender's ownership interest in the subject property pursuant to this deed and awarded the lender immediate possession. The debtor and other occupants timely appealed. Determining that the trial court erred in relying upon the successor trustee's deed to establish ownership in the lender, we reverse the trial court's judgment and dismiss the lender's claim.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Reversed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Phillip W. Vandergriff, James Vandergriff, Sandy Goodman Vandergriff, and James T. Higdon, Jacksboro, Tennessee, Pro Se.

Anthony R. Steele, Knoxville, Tennessee, for the appellee, Vanderbilt Mortgage and Finance, Inc.

## OPINION

### I. Factual and Procedural Background

This appeal arises from the trial court's grant of summary judgment to the plaintiff, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), quieting title and declaring Vanderbilt the lawful owner entitled to possession of a parcel of real property located in Anderson County, Tennessee ("the Property"). Title to the Property was originally acquired by the defendant, Phillip W. Vandergriff, and his former wife, Lisa A. Vandergriff, by warranty deed dated February 21, 1996. This warranty deed was duly recorded in the Register's Office for Anderson County, Tennessee. On March 22, 1996, the Vandergriffs entered into a "Retail Installment Contract-Security Agreement" regarding the purchase of a mobile home to be placed upon the Property. They concomitantly executed a "corrected deed of trust" regarding the Property, securing the indebtedness to James Clayton, Trustee, for the benefit of CMH Homes, Inc. This corrected deed of trust was also duly recorded in the register's office, securing a debt in the amount of $77,806.74. Vanderbilt asserts without dispute that its attorney, Anthony R. Steele, subsequently became the successor trustee for the corrected deed of trust, although such assignment does not appear in the record. In 2005, Lisa Vandergriff conveyed her interest in the Property via quitclaim deed to Phillip Vandergriff.

In 2008, the Property was sold at a delinquent tax sale by the Anderson County Clerk and Master to Brian Christiansen. The October 16, 2008 "Decree Confirming Sale" states:

> That all right, title and interest of all the parties to this action, and especially the Defendants named in the Clerk and Master's Report of Tax Sale, and any and all unknown heirs-at-law or devisees or grantees of any party to this action, lien holders and the like, including those of the above-named Defendants in and to said parcels of land, be, and the same is, divested out of them, and each of them, and vested in the purchaser as shown in the Clerk and Master's Report of Tax Sale, subject only to the equity of redemption.

A "Tax Deed Pursuant to Tax Sale" was executed on November 12, 2009, by the Clerk and Master, conveying the Property to Mr. Christiansen. On February 13, 2012, Mr. Christiansen executed a quitclaim deed, conveying title to the Property back to Mr. Vandergriff. Both the tax deed and subsequent quitclaim deed were duly recorded in the respective register's office.

2

According to Vanderbilt, throughout the period of Mr. Christiansen's ownership of the Property and until May 2013, Mr. Vandergriff continued to tender payments concerning his indebtedness pursuant to the 1996 promissory note. Following Mr. Vandergriff's failure to make payment as due in May 2013, on June 4, 2013, Mr. Steele sent notice to Mr. Vandergriff that the lender intended to foreclose on the Property pursuant to the 1996 deed of trust. A non-judicial foreclosure sale was conducted on July 2, 2013, and the successor trustee subsequently executed a deed conveying title to the Property to Vanderbilt as the highest bidder.

On April 7, 2014, Vanderbilt commenced the instant action by filing a "Verified Complaint for Declaratory Judgment to Quiet Title and for Possession Upon Unlawful Detainer of Property" against Mr. Vandergriff "and/or Occupants." On April 28, 2014, Mr. Vandergriff; his current wife, Sandy Goodman Vandergriff;[1] and his daughter, Brooke Vandergriff; each self-represented, filed an "Answer and Included Counterclaim," asserting that they were occupants of the mobile home situated on the Property. Mr. Vandergriff also named as a counter-plaintiff and occupant his fifteen-year-old son, James Vandergriff, with Mr. Vandergriff acting on his son's behalf. In the answer and counter-claim, the Vandergriffs alleged, *inter alia*, that Mr. Vandergriff owed no debt to Vanderbilt following the tax sale in 2008, and claimed that Mr. Vandergriff should receive a refund of any monies paid thereafter. The Vandergriffs also asserted that Vanderbilt had no right to conduct a foreclosure sale regarding the Property. In response, Vanderbilt filed a motion to dismiss the counter-complaint on May 21, 2014. Mr. Vandergriff and the other counter-plaintiffs subsequently filed a "Motion for Appointment of Counsel" and a "Motion for Order to Stay Proceedings" on May 27, 2014.

The trial court dismissed the motion to appoint counsel in an order entered July 31, 2014, while allowing Mr. Vandergriff and the other counter-plaintiffs sixty days to obtain counsel. Upon the expiration of this sixty-day period, during which neither Mr. Vandergriff nor any of the counter-plaintiffs obtained counsel, the court set the matter for hearing. Following a hearing conducted on October 10, 2014, the court granted Vanderbilt's motion to dismiss the counter-complaint by its order entered October 24, 2014.

Vanderbilt subsequently filed a motion for summary judgment on April 8, 2015. Vanderbilt concomitantly filed a statement of material facts and an affidavit of Michael Domoracki, custodian of records and legal supervisor for Vanderbilt. The Vandergriffs

---

[1] Vanderbilt refers to this party as Sandy Goodman, the manner by which her name is styled in the counter-complaint and other trial court pleadings. The appellants' brief, however, lists as one of the *pro se* parties submitting and signing the brief, "Sandy Goodman Vandergriff, Spouse." Therefore, we will refer to her as Sandy Goodman Vandergriff throughout this opinion.

filed no response. Following a hearing conducted on May 18, 2015, the trial court granted summary judgment in favor of Vanderbilt. By written order dated June 10, 2015, the court found, *inter alia*, that no genuine issues of material fact were before the trial court, and that the deeds filed as exhibits to the complaint reflected a clear and consistent chain of title. The court noted that at the time of the foreclosure sale by Vanderbilt, Mr. Vandergriff had regained ownership of the Property. The court also found that the foreclosure sale was properly conducted. The court therefore concluded that the Property "legally came into the hands of Vanderbilt" when the successor trustee's deed was executed following the foreclosure sale and that accordingly Vanderbilt held clear title to the Property. The court ordered that Vanderbilt was entitled to immediate possession.

Notices of appeal were filed by Mr. Vandergriff, Sandy Goodman Vandergriff, James Vandergriff, and James T. Higdon (collectively, "the Appellants").[2] Following the docketing of the appeal, various pleadings have been filed in this Court. Of note, one motion has been deferred to the panel deciding the case. On January 21, 2016, the Appellants filed a pleading entitled "Miscellaneous Motion – Notice for Transparency and Allocation of Fees," essentially accusing Vanderbilt of fraud in filing its motion to dismiss and other appellate motions. The Appellants, in addition to repeating their requests for relief on appeal, request that all costs on appeal be awarded to them.

## II. Issues Presented

The Appellants' brief appears to raise the following issue for our review, as we have restated it:

1.      Whether the trial court erred by finding that Vanderbilt possessed clear title of ownership to the Property, such that the trial court's grant of summary judgment was improper.

Vanderbilt raises the following additional issue, which we have also restated slightly:

2.      Whether this appeal should be dismissed as to James T. Higdon, Sandy Goodman Vandergriff, and James Vandergriff for lack of standing.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 250 (Tenn. 2015); *Dick*

---

[2] A notice of appeal was the first pleading filed in the case at bar by Mr. Higdon.

*Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S.Ct. 1348 [1986]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes

forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65 (emphasis in original). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

Additionally, as this Court has explained with regard to *pro se* litigants:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow,* 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

6

## IV. Standing

Vanderbilt contends that the parties identified by Mr. Vandergriff as additional counter-plaintiffs in the counter-complaint, namely Sandy Goodman Vandergriff and James Vandergriff, were dismissed from this action by the trial court's October 24, 2014 order dismissing the counter-complaint, while conceding that they "were once parties." Vanderbilt further asserts that James Higdon was never named as a party to this action prior to his filing a notice of appeal of the final judgment. Vanderbilt therefore posits as a threshold matter that these parties, Sandy Goodman Vandergriff, James Vandergriff (a minor), and James T. Higdon, do not have standing to appeal and should be dismissed from the appeal.[3]

In their reply brief, the Appellants respond to Vanderbilt's standing argument by quoting from the trial court's October 24, 2014 order as follows:

> [T]he Counterclaim is DISMISSED, and the following parties are hereby DISMISSED from this proceeding: CLAYTON ENTERPRISE, CMH HOMES, INC., LUV HOME, LUV HOMES LOT #50, WINCHESTER, SELLERS, FOSTER & STEELE, P.C., ANTHONY R. STEELE, JAMES L. CLAYTON, KAIT COWAN, KENIT W. KINSZ, AND KYLE RAY.

As the Appellants point out and contrary to Vanderbilt's assertion, the trial court did not expressly dismiss Sandy Goodman Vandergriff and James Vandergriff as parties to the action in its order.[4] Furthermore, we determine that an analysis of the requisite elements supporting standing would militate in favor of the Appellants. This Court has explained the elements constituting standing as follows:

> In order to establish standing, a party must demonstrate three essential elements. First, the party must demonstrate that it has suffered an injury which is "distinct and palpable," *Metropolitan Air Research Testing Auth., Inc.,* 842 S.W.2d [611,] 615 [(Tenn. Ct. App. 1992)], and not conjectural or hypothetical. Second, the party must establish a causal connection between that injury and the conduct of which he complains. Third, it must be likely that a favorable decision will redress that injury.

---

[3] Brooke Vandergriff was also identified as an occupant and named as a counter-plaintiff, but she did not file a notice of appeal.

[4] In the instant action, no issue was raised in the trial court, nor has an issue been presented on appeal, regarding whether Sandy Goodman Vandergriff and James Vandergriff were properly made parties. We therefore shall not address that subject in this appeal.

*Petty v. Daimler/Chrysler Corp.*, 91 S.W.3d 765, 767 (Tenn. Ct. App. 2002) (additional internal citations omitted).

The record reveals that Sandy Goodman Vandergriff and James Vandergriff, as occupants of the Property, arguably suffered a distinct and palpable injury as a result of the trial court's grant of immediate possession of the Property to Vanderbilt, an injury that would be redressed if this Court found in the Appellants' favor. *See Petty,* 91 S.W.3d at 767. To rule that Sandy Goodman Vandergriff and James Vandergriff have no standing in this action would deprive them of due process to seek relief from the judgment. We conclude that the requisite elements of standing have been met with regard to James Vandergriff and Sandy Goodman Vandergriff.

By contrast, no mention is made in the record of Mr. Higdon until his filing of a notice of appeal. Furthermore, Mr. Higdon was not alleged to be an occupant of the Property. Rather, it appears from the Appellants' brief that Mr. Vandergriff may have at one time sought to convey the Property to Mr. Higdon and his wife. Among the many documents that the Appellants assert the trial court should have reviewed before reaching its judgment is a quitclaim deed allegedly conveying title to the Property from Mr. Vandergriff to James T. Higdon and his wife, Jeanne Higdon. The Appellants state that this quitclaim deed was recorded with the Anderson County Register of Deeds and a copy provided to Vanderbilt's counsel, Mr. Steele. They do not, however, specify dates of execution or recordation for this quitclaim deed, and the deed does not appear in the record. In any event, Mr. Higdon was never joined as a party before the trial court, and we see no basis in this record upon which to join him as a party on appeal. *See* Tenn. R. App. P. 19(e). We therefore determine that Mr. Higdon is without standing and therefore not a party to this appeal.

## V. Grant of Summary Judgment

The Appellants argue that summary judgment was improperly granted to Vanderbilt for a number of reasons. Among their assignments of error on appeal is that the trial court would not permit testimony during the hearing concerning Vanderbilt's motion for summary judgment. In particular, the trial court apparently asked Mr. Higdon to leave the courtroom because he was attempting to testify. The Appellants also insist that the trial court erred by not demanding to view a long list of "administrative records." However, it was the Appellants' responsibility as non-movants to file materials they wished the trial court to consider as supporting any genuine issue of material fact to be tried. *See* Tenn. R. Civ. P. 56.03. The Appellants filed no response to the motion for summary judgment.

Tennessee Rule of Civil Procedure 56.03 provides in pertinent part:

Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

Tennessee Rule of Civil Procedure 56.04 provides, *inter alia*, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Vanderbilt contends that the trial court properly granted summary judgment because "[a]most every material fact in this matter is evidenced by and is in substance a document that is registered and recorded in the Anderson Co. Register of Deeds Office." Vanderbilt concedes, however, that when Mr. Christiansen purchased the Property through the tax sale, Mr. Christiansen owned the Property free and clear of the lien Vanderbilt had maintained against the Property. *See* Tenn. Code Ann. § 67-5-2504(b) (Supp. 2015) ("A tax deed of conveyance or an order confirming the sale shall be an assurance of perfect title to the purchaser of such land."); *see also Metro. Gov't of Nashville v. Brown*, No. M2008-02495-COA-R3-CV, 2009 WL 5178418 at *5 (Tenn. Ct. App. Dec. 30, 2009) (holding that purchasers were assured of "perfect title" when they purchased the property at the delinquent tax sale). Mr. Vandergriff contends that Vanderbilt lost its lien on the Property by virtue of the tax sale and had no right to subsequently foreclose thereon.

Vanderbilt argues, however, that when Mr. Christiansen conveyed the Property back to Mr. Vandergriff on February 13, 2012, Vanderbilt's lien on the title to the Property with regard to Mr. Vandergriff's debt once again became enforceable. Vanderbilt cites and relies upon a 2008 opinion issued by the Tennessee Attorney

General as interpreting Tennessee Code Annotated § 67-5-2504(b) as having the effect of extinguishing all junior liens to property once title vests in a tax sale purchaser. *See* Tenn. Op. Atty. Gen. No. 08-86, 2008 WL 1258094 (citing *Obion Cty., for Use & Benefit of N. Fork Drainage Dist. No. 2 v. Massengill*, 151 S.W.2d 156, 158 (Tenn. 1941)) (affirming termination of lien for special assessment upon tax sale). Vanderbilt asserts that because Mr. Vandergriff was not the tax sale purchaser, the tax sale did not extinguish his previous consensual lien. Vanderbilt also argues that because it never released the 1996 deed of trust, the lien created by such instrument reattached to the Property when Mr. Vandergriff reacquired it. We disagree with both of these contentions.

The lien on title to the Property in Vanderbilt's favor, created by the 1996 deed of trust, was extinguished in 2008 when the Property was sold at the tax sale. *See* Tenn. Code Ann. § 67-5-2504(b); *Obion Cty.,*151 S.W.2d at 158 (holding that "the lien of the State, county and municipality is superior to all others" and that a purchaser of land at a tax sale acquires the land free from junior liens); *Metro. Gov't of Nashville,* 2009 WL 5178418 at *5. The appellant drainage district argued in *Obion County* that it could not be bound by the tax sale because it was not a party to the delinquent tax action and its lien was not referenced therein. *See Obion Cty.,*151 S.W.2d at 158. The Supreme Court upheld the trial court's ruling that the purchaser at the tax sale obtained the land free of subordinate liens, further elucidating that the tax sale conveyance could only be invalidated if the land was not liable for the taxes or if the taxes had been paid.[5] *Id*. As the Court explained, "a tax sale is a proceeding in rem and [] interested parties are bound by actual or constructive notice." *Id*. Furthermore, the Court affirmed the trial court's ruling that such clear title passed to any subsequent purchaser of the land. *Id*.

---

[5] We note that Tennessee Code Annotated § 67-5-2504(b) now provides:

> A tax deed of conveyance or an order confirming the sale shall be an assurance of perfect title to the purchaser of such land, and no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes, or that the taxes for which the land was sold have been paid before the sale or that there was substantial noncompliance with mandatory statutory provisions relating to the proceedings in which the parcel was sold; and if any part of the taxes for which the land was sold is illegal or not chargeable against it, but a part is chargeable, that shall not affect the sale, nor invalidate the conveyance thereunder, unless it appears that before the sale the amount legally chargeable against the land was paid or tendered to the county trustee, and no other objection either in form or substance to the sale or the title thereunder shall avail in any controversy involving them. An action seeking to invalidate any tax title to a parcel shall allege specific facts establishing the grounds set out herein and proof of compliance with subsection (c) prior to the filing of the complaint.

Vanderbilt attempts to draw a distinction based upon the facts in this case because Mr. Vandergriff had consented to placing a lien on title to the Property prior to the tax sale. Vanderbilt's assertion is that when Mr. Vandergriff reacquired the Property following the tax sale, Vanderbilt's lien would reattach, just as a judgment lien would attach to after-acquired property of the judgment debtor. We find this argument to be unavailing. Based upon Tennessee Code Annotated § 67-5-2504(b) and the Supreme Court's holding in *Obion*, any lien created prior to the tax sale was extinguished by the tax sale. *See Obion Cty.,*151 S.W.2d at 158. Vanderbilt has presented no authority demonstrating that a junior lien can be revived or reattached following a tax sale. By contrast, a judgment lien is a creature of statute, such statute being codified at Tennessee Code Annotated § 25-5-101 (Supp. 2015), wherein it is stated:

> [J]udgments and decrees obtained from and after July 1, 1967, in any court of record and judgments in excess of five hundred dollars ($500) obtained from and after July 1, 1969, in any court of general sessions of this state shall be liens upon the debtor's land from the time a certified copy of the judgment or decree shall be registered in the lien book in the register's office of the county where the land is located. If such records are kept elsewhere, no lien shall take effect from the rendition of such judgments or decrees unless and until a certified copy of the same is registered as otherwise provided by law.

Therefore, based on the express statutory language, a judgment lien requires the rendition of a judgment or decree by a court. *See* Tenn. Code Ann. § 25-5-101(b)(1). Vanderbilt had not obtained such a judgment or decree at the time of the non-judicial foreclosure sale in this matter and therefore did not possess a judgment lien that would automatically attach to Mr. Vandergriff's property pursuant to the statute.[6] Although Mr. Vandergriff's debt to Vanderbilt based on the parties' agreement contained in the "Retail Installment Contract-Security Agreement" does not appear to have been extinguished, Vanderbilt did not have the authority to foreclose on the Property based upon a lien rooted in the 1996 deed of trust because such lien was extinguished at the time of the tax sale. Any subsequent deed conveying the Property to Vanderbilt based upon such improper foreclosure sale would therefore be a nullity. We conclude that the trial court erred in upholding Vanderbilt's ownership interest based on the invalid foreclosure sale and resultant successor trustee's deed conveying the property to Vanderbilt. We therefore reverse the trial court's grant of summary judgment in favor of Vanderbilt as a matter of law and dismiss Vanderbilt's claim of ownership and possession based upon the invalid successor trustee's deed.

---

[6] Nothing in this opinion should be construed as holding that Vanderbilt is in any way precluded from seeking such a judgment lien against Mr. Vandergriff based upon the "Retail Installment Contract-Security Agreement."

## VI. Attorney's Fees/Costs on Appeal

Both parties have sought an award of attorney's fees and/or costs on appeal; however, this issue was not properly raised in the statement of the issues in either principal brief. As our Supreme Court has elucidated:

> Appellate review is generally limited to the issues that have been presented for review. Tenn. R. App. P. 13(b); *State v. Bledsoe,* 226 S.W.3d 349, 353 (Tenn. 2007). Accordingly, the Advisory Commission on the Rules of Practice and Procedure has emphasized that briefs should "be oriented toward a statement of the issues presented in a case and the arguments in support thereof." Tenn. R. App. P. 27, advisory comm'n cmt.

*Hodge v. Craig,* 382 S.W.3d 325, 334 (Tenn. 2012); *see also Culpepper v. Culpepper*, No. E2014-00815-COA-R3-CV, 2015 WL 6735909 at *5-6 (Tenn. Ct. App. Nov. 4, 2015). Therefore, both requests for attorney's fees and/or costs on appeal are denied.[7]

## VII. Conclusion

For the foregoing reasons, the trial court's order granting summary judgment in favor of Vanderbilt is reversed. Vanderbilt's claim of ownership and possession based upon the invalid successor trustee's deed is dismissed. James T. Higdon is determined to be without standing in this appeal. Furthermore, both requests for attorney's fees and/or costs on appeal are denied. Costs on appeal are assessed to the appellee, Vanderbilt Mortgage and Finance, Inc. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE

_____

[7] To the extent that the Appellants' "Miscellaneous Motion," filed during the pendency of this appeal, seeks any additional relief beyond costs, such motion is denied.